6667

## ROCHESTER v. BULL.

1. ISSUES—NONSUIT—AUTOMOBILE.—Under the evidence here nonsuit moved on ground that there was no evidence tending to show negligence in defendant's agent in managing his automobile, was properly refused.

2. NEGLIGENCE—PROXIMATE CAUSE—CHARGE—PRINCIPAL AND AGENT.— Where the Court has charged the defendant would not be liable

unless his negligence were the proximate cause of the injury, judg-
ment will not be reversed because near the close he instructed the
jury, if the negligence of the agent of defendant caused the injury,
he would be liable, for from the whole charge the jury could not
have inferred the principal would be liable for the act of the agent
not the proximate cause of the injury, and not within the scope of
the agency.

Before GARY, J., Greenville, Spring Term, 1907.
Affirmed.

Action by Thomas M. and Caroline Rochester against J.
A. Bull. From judgment for plaintiffs, defendant appeals.

*Messrs. Haynesworth* and *Patterson,* for appellant, cite:
*Duty of driver of automobile on highway:* Acts 1905, 966.

*Messrs. Blythe & Blythe,* contra, cite: *The charge states
correct principles, and if a more specific statement were
required it should have been requested:* 63 S. C., 559; 70
S. C., 492; 71 S. C., 60.

September 24, 1907. The opinion of the Court was de-
livered by

MR. CHIEF JUSTICE POPE. This action was brought by
the plaintiffs, Thomas M. Rochester and his wife, Caroline
Rochester, to recover damages of the defendant, J. A. Bull,
for injuries alleged to have been caused by his negligence.
The facts are as follows: On August 30th, 1904, the plain-
tiffs were going along the road leading from the city of
Greenville, in the direction of Chick Springs, in a wagon
drawn by a mule. As they drew near to the bridge leading
across Richland Creek, on coming around a sharp curve,
about seventy-five yards from the foot of the bridge, the
automobile of the defendant was seen approaching, it being
then just about to run off of the bridge. The plaintiff
Thomas Rochester at once signaled the driver of the
machine to stop. The road at this point is down a com-

paratively steep grade and is narrow.   On the left-hand side approaching the bridge is a high bank, while on the other side is a steep bluff leading down to the creek.   The automobile, in compliance with the signal of the plaintiff, was run into a cut out in the bank on the left-hand side and the forward motion of the machine stopped.   The motor, however, was permitted to continue running and, according to the testimony of the plaintiffs, gave forth much noise and caused the whole machine to vibrate.

The plaintiffs continued their approach, the mule becoming more or less frightened as he neared the machine.   When he was almost opposite it he became uncontrollable and ran over to the extreme right of the road, where he struck a telephone pole, throwing the plaintiffs from the wagon and, according to the allegations of the complaint, injured Mrs. Rochester.   At the conclusion of plaintiffs' testimony, defendant made a motion for a nonsuit on the ground that there was absolutely no evidence showing negligence on his part.   Judge Ernest Gary refused the motion and the case being submitted to the jury, a verdict of four hundred and seventy-five dollars was returned for the plaintiffs.   The defendant now comes to this Court for relief.

The exceptions first raise the point as to whether or not it was error to refuse the nonsuit.   It is too well settled to require the citation of authority, that where there is a *scintilla* of evidence going to sustain a cause, a nonsuit cannot be granted.   The question therefore resolves itself into whether or not there was any evidence in the case now before us.   We think it is a fact, of which courts will take judicial notice, that automobiles on highways, especially where they are infrequent, have a tendency to frighten animals.   The duty, therefore, devolves upon the drivers of such machines to exercise due care to prevent accidents.   The amount of care necessary varies with the various circumstances.   Acts which in a given case might be negligence, in another might be due care.   Therefore, it is almost absolutely necessary that what action

amounts to due care must be a question of fact. From the evidence, it would seem that the present case is one in which much care was required. The character of the ground, the exposed situation of the plaintiffs and their little children, the fright of the mule on the present and prior occasions, the noise of the machine, were all circumstances going to call for the exercise of much care, such care as a prudent person would exercise. Whether the defendant in the present case exercised such care is not so absolutely evident that it may be decided as a matter of law. It is a question peculiarly within the province of the jury and the nonsuit was, therefore, properly refused.

The Circuit Judge, at the close of his charge, told the jury that if negligence of the agent in charge of the automobile caused the injury the principal would be liable. The defendant alleges error in his failing to qualify this language so as to make the principal liable only for such injuries as were caused proximately by the agent's negligence. This exception cannot be sustained. The Court had previously charged that a person would not be liable unless his negligence was the proximate cause of the injury. Now, if a person would only be liable for the proximate results of his acts when he acted himself, it would seem a queer conclusion, one which a person of ordinary reason would not draw, that when he acted through an agent he would be held liable for all injuries, whether proximate or not. The proposition is familiar to the ordinary mind that the acts of an agent, within the scope of his duties, are those of the master and the master's liability for his agent's acts are the same as if he had been acting himself. The Court certainly stated correct propositions of law. True, they were general principles, but if the defendant wished anything more specific he should have requested it.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.