JASCHA BOROWSKY *v.* HONOLULU RAPID TRAN-
SIT COMPANY, LIMITED, AN HAWAIIAN
CORPORATION.

No. 1649.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
HON. R. J. O'BRIEN, JUDGE.

ARGUED APRIL 6, 1926.                    DECIDED JUNE 3, 1926.

PERRY, C. J., LINDSAY AND BANKS, JJ.

PLEADING—*amendments.*

In an action for damages for personal injuries, after the evi-
dence was closed plaintiff was granted leave to amend his com-
plaint by striking out certain allegations therein alleging lack of
contributory negligence on the part of plaintiff. Defendant there-
upon requested and was denied a continuance in which to plead
to the complaint as amended. Allowance of the amendments
and refusal of the continuance held not to have been prejudicial
to defendant, the burden being upon defendant to prove contribu-
tory negligence upon the part of plaintiff and the allegations by
plaintiff of lack of contributory negligence on his part being
unnecessary.

DAMAGES—*rights of street cars and automobiles in streets.*

The rights and obligations of persons using vehicles on the
streets and of street railway companies operating cars on the
same streets are mutual and reciprocal. Both are required to
use due care to avoid collisions.

SAME—*instructions.*

An instruction which directs a verdict on a finding of certain
facts must embrace all necessary elements to support the verdict.

SAME—*personal injuries—contributory negligence—last clear chance—
instructions.*

In an action for damages for personal injuries by a driver of an
automobile against a street car company an instruction purport-
ing to contain a full statement of the law upon which the right
of plaintiff to recover is predicated which tells the jury that it
is its duty to find for plaintiff if it finds the existence of certain
facts but fails to tell the jury that it was the duty of a person

Opinion of the Court.

finding himself in a perilous position to exercise all reasonable efforts to extricate himself therefrom is erroneous and such erroneous instruction is not cured by a subsequent correct instruction, since the two instructions are irreconcilable and it cannot be told which one was followed by the jury.

TRIAL—*instructions.*

Instructions need not be given in the language requested if those which are given correctly state the law and fairly and sufficiently cover the ground. But where instructions are asked which correctly state the law on any issue presented it is error to refuse to give them unless the point was adequately covered by the instructions given. It is generally considered error to refuse to give a requested instruction on a given point which is accurate and applicable though the point may have been inferentially covered by a general instruction which was given.

OPINION OF THE COURT BY LINDSAY, J.

This is an action for damages for personal injuries. In the complaint as originally filed it was alleged that on June 27, 1924, at about 9:30 A. M. the plaintiff was driving his automobile "with all due care and in conformity to the traffic regulations of the said Honolulu" along Beretania street in the direction of Ewa; that at a point on said street near a building known as the Bibee store while the plaintiff was driving the said automobile "with all due care as aforesaid and without negligence on his part, said automobile skidded on said Beretania street, coming to a stop on the street car tracks of the said defendant;" that at that time an agent or servant of the defendant corporation, acting within the scope of his employment, was operating or driving for and on behalf of defendant a street car in a manner so negligent, careless, heedless, reckless and at a speed so swift and with so little regard to the safety of the public, as not to have said street car under proper management or control; that by reason of the negligent, careless, heedless, reckless and rapid operation and driving of said street car it

collided with the automobile of plaintiff; "that the plaintiff was at all times exercising due care and was at all times herein mentioned without fault;" that by reason of the collision the automobile of plaintiff was totally wrecked and plaintiff seriously injured. Plaintiff at the trial sought no damages for the injury to the automobile but confined himself solely to a claim for the injuries sustained to his person. At the first trial the jury disagreed. On the second trial the jury awarded damages to plaintiff in the sum of $2500 and the defendant corporation has brought the case here upon exceptions.

Plaintiff testified on his own behalf substantially as follows: On the morning of June 27, 1924, he was driving along Beretania street toward town in his Maxwell automobile; it was, or had been, raining and the street was wet; as he passed the Bibee building there was a truck parked in front of that building so he turned a little to the left to pass; as he did this his auto skidded into the street car track and came to a stop on the track; he saw the street car coming along toward him and tooted his horn and waved his hand as a warning to the street car to stop; he did not get out of the auto for he thought the street car would stop; the street car had time to stop; the street car was going fast and he thought he had no time to get out of the auto; when his auto skidded the wheels got into the street car tracks, he tried to turn the wheel and tried to get out of the car tracks but could not because the street was wet and the wheels would not go from the track; the engine was killed; when he stopped his automobile the street car was a little way on the Waikiki side of the Pond garage at a point which plaintiff marked on the map or plan introduced in evidence and agreed by the parties as being about 550 feet from where, according to plaintiff, he stopped his auto; the street car came on, struck the auto and pushed it back

about fifty feet; plaintiff was seriously injured, became unconscious and was immediately carried to the hospital.

Celia Fidler testified that she saw the accident; that she saw the street car come from Alapai street to Beretania and saw the street car hit plaintiff's automobile; there were other autos going toward town; when plaintiff's auto passed the truck parked in front of the Bibee building it skidded a little; witness heard plaintiff toot his horn and saw him wave his hand; the accident happened in "one moment;" "this accident happened in one second and you cannot exactly tell how the thing took place."

A. W. Gaspar testified that as he was walking along Beretania street toward Waikiki he saw plaintiff coming along in his auto; plaintiff "wanted to pass another car and he didn't know the street car was in sight; he didn't see it because the street car was about at the service station coming at full speed; he, Borowsky, wanted to beat the other car on the other side, and when he got on the car track, as usual, some of the pavement at the end of the track is worn, and sometimes you get your wheel there, and it is hard to get out, and he tried to turn his wheel and he couldn't get out. * * * He was trying to turn his steering wheel and it seems he didn't succeed, and the street car was coming close, and he was about coming to a stop when they both met."

The testimony adduced on behalf of defendant need not be set out in detail. The substance of it was that after turning from Alapai street to Beretania the car was going at an ordinary rate of speed, about fifteen miles an hour; there were a number of autos coming along toward town and the motorman kept clanging the gong; the view was clear; the townward-bound street car was not in sight so the speed was reduced; when near the Bibee building plaintiff's auto suddenly shot out from

behind another auto onto the street car track in front of the approaching street car, and the two collided; the motorman immediately "slugged" his car, applied the brakes and brought it to a stop in about a car's length. A witness for defendant, named Green, testified that he was driving a Ford immediately in front of the plaintiff. As he got near to the Bibee building a horn honked and the auto behind him speeded up a little and tried to go ahead of him, then tried to cross the car track, then tried to turn back again and collided with the street car.

After the evidence was closed plaintiff asked leave to amend paragraph 3 of his complaint by striking out the words "with all due care and in conformity to the traffic regulations of the said Honolulu;" and in a later part of the same paragraph, the words "with all due care." Over the objections of defendant the court allowed the amendment requested and denied a motion of the defendant for a forty-eight hours' continuance in which to plead to the complaint as thus amended.

Under exceptions 1 and 2, defendant contends that the court erred in allowing these amendments and refusing defendant's motion for a continuance.

It is to be noted that even after the allowance of the above mentioned amendments, the complaint still contained the allegation that while plaintiff was driving his automobile "without negligence on his part," said auto skidded on the street and came to a stop on the street car track, and the amended complaint still contained the allegation that "the plaintiff was at all times exercising due care and was at all times herein mentioned without fault." In a case of this character, however, the burden of proving contributory negligence on the part of plaintiff is upon the defendant and it is not necessary that plaintiff should allege that he was free from contributory negligence. Such an allegation merely anticipates the de-

fense of contributory negligence and does not throw on plaintiff the burden of maintaining such unnecessary allegation. (See *Morgan* v. *Sunflower Zinc Co.,* 199 S. W. 590.) The allowance of the amendments, therefore, and the refusal of the continuance requested by defendant cannot be said to have in any manner been prejudicial to defendant. These exceptions are overruled.

Exceptions 3 and 4 relate to the giving of plaintiff's instruction No. 1 and the modification of defendant's instruction No. 2. The complaint of defendant in this respect is that, in neither of these instructions, was anything said about the allegations concerning lack of negligence on the part of plaintiff. For the same reasons as in exceptions 1 and 2 these exceptions are overruled.

Under exceptions 6 and 7 it is contended that the court erred in giving instructions 6 and 7 requested by the plaintiff, which are as follows:

No. 6. "It is the duty of an electric railroad company to use all reasonable effort to avoid injury to one who has negligently or uncautiously placed himself in a position of danger if the peril is known, or by reasonable care might have been known, and a failure to observe this duty renders the company liable notwithstanding previous negligence of the person injured.

"If you believe from the evidence in this case that the plaintiff, Borowsky, was negligent in being upon or in proximity to the defendant company's track, and thereby placed himself in a position of danger, you will then consider whether or not his danger was known to the motorman of Car No. 70 of the defendant company, or by reasonable care might have been known to the motorman, and whether under the circumstances the motorman used ordinary care and prudence to avoid injury to the plaintiff; and if you are satisfied by a preponderance of the evidence that the motorman did know, or by reasonable care might have known the peril of the plaintiff, and that he failed to use all reasonable efforts to avoid injury to the plaintiff, and that by reason of such failure the

injury occurred, it will be your duty to render a verdict for the plaintiff."

No. 7. "I instruct you that the rights to travel the streets of this city as between street cars and automobiles or travellers are reciprocal, and it is the duty of one operating a street car to watch always and to keep his car under reasonable control, and keep a diligent lookout for persons driving on the street in danger of being run upon by the street car, so as to avoid injuring said persons.

"I further instruct you that if you believe from the evidence that the motorman Kealohapauole saw, or should have seen that the plaintiff, Borowsky, was on or near the car track and that the motorman in the exercise of due care and diligence could or should have brought the street car to a stop or reduced its speed in time to avoid colliding with the plaintiff, Boroswky, or did not use that degree of care required under the circumstances, as explained in these instructions, and that the injury to the plaintiff resulted therefrom, then you must bring in your verdict for the plaintiff in such an amount as you believe will adequately compensate him for the loss he has suffered."

The contention of defendant is that both of these instructions, purporting as they did to contain a full statement of the law upon which the right of plaintiff to recover was predicated, entirely omitted and ignored an important element of the law applicable to the facts disclosed by the evidence, namely, the duty of a person situated as was plaintiff to himself avoid injury and, on finding himself in a perilous position, to exercise all reasonable efforts to extricate himself therefrom.

This court has held in *Robinson* v. *H. R. T. & L. Co.*, 20 Haw. 426, 430, that "The rights and obligations of persons using vehicles on the streets and of street railway companies operating cars on the same streets are mutual and reciprocal. Both are required to use due care to avoid collisions." (See also *Dong Chong* v. *H. R. T. &*

*L. Co.,* 16 Haw. 272.)   No mention having been made in these instructions of this duty on the part of plaintiff, the jury was warranted in inferring that it need not take the same into consideration, but, if it found present the other elements of the case as set forth in these instructions, it would be its duty to find for plaintiff, regardless of the lack of effort on the part of plaintiff himself to avoid injury.

In asking that instruction No. 6 be given, plaintiff undoubtedly had in mind the apprehension that the state of the evidence was such that the jury would be justified in finding that, not only had the defendant been negligent, but that plaintiff himself had also been negligent,—in other words, had been guilty of contributory negligence, and that ordinarily such a finding would preclude a recovery by plaintiff.   It was therefore the position of plaintiff that, from the state of the evidence he was entitled to invoke the last clear chance rule and that by the requested instruction, he was entitled to have the jury informed of the nature and elements of that rule. There can, we think, be no doubt that under the facts disclosed in this case it was proper for the court to instruct the jury as to the last clear chance rule.   But when, as in this case, a court undertakes by an instruction to direct a verdict in favor of one of the parties, the court must be careful to instruct the jury as to all of the elements necessary to support such verdict.   "An instruction which directs a verdict on a finding of certain facts must embrace all the elements necessary to support the verdict." *Pocahontas Consol. Collieries Co.* v. *Hairston,* 83 S. E. 1041.   "Where an instruction undertakes to tell the jury just what is necessary in order to maintain an action or defense it must be complete as well as correct." *New* v. *Jackson,* 95 N. E. 328.   Plaintiff's instruction No. 6 was not a mere incomplete instruction which could be supple-

mented or explained by an additional instruction. It purported on its face to be a complete statement of the law applicable to plaintiff's right to recover, and authorized the jury to find for the plaintiff even though it might appear that plaintiff though able had failed to protect himself from the danger he had placed himself in. The situation would no doubt be different if the instruction was obviously an incomplete statement of the law, did not direct a verdict, and the later instruction but served to complete the former, the two not being irreconcilable. "It is no objection to a single instruction *which does not direct a verdict*" (italics ours) "that it omits the law relative to some essential element in the case provided the law be supplied elsewhere in another instruction given to the jury." *Winslow* v. *Glendale Light & Power Co.,* 107 Pac. 1020, 1022.

In *Kaili* v. *I. I. S. N. Co.,* 25 Haw. 777, an action for personal injuries where contributory negligence was the main defense, the trial court in an instruction which purported to state the law of the case under which plaintiff was entitled to recover, told the jury that, even if the plaintiff was negligent in seating himself in a dangerous part of the vessel thus exposing himself to a danger which the officers of the ship might, by the exercise of proper care, have anticipated, and such officers failed to warn plaintiff, plaintiff was entitled to recover. For the giving of this instruction a verdict for plaintiff was set aside by this court which held that, in the instruction given, an essential element was lacking and, for that reason, the instruction was fatally defective. The instruction given in that case failed to indicate to the jury that if the conditions which rendered the position of plaintiff dangerous were as obvious to him as to the ship's officers then there was no duty to warn him. The principle violated in the instruction given in that case

was the same as that in the case at bar; in that case there was an attempt, as here, to state the law applicable which failed in a most important detail.

In neither instruction 6 nor 7 is the jury informed of the duty of a person situated as was plaintiff to use due care to avoid collisions and for that reason the instructions were erroneous.   The omission from plaintiff's instruction No. 6 of any mention of the duty of plaintiff to exercise all reasonable efforts to extricate himself from danger would seem peculiarly prejudicial in this case for there was evidence—that of plaintiff himself—tending to show that, when his car came to a stop on the car tracks, the street car was still about 550 feet away, yet the plaintiff beyond tooting his horn and waving his hand, made no attempt to get out of the car, testifying in that respect that he thought the street car would stop.   As this court remarked in *Dong Chong* v. *H. R. T. & L. Co.,* *supra:* "A motorman may ordinarily expect a person or team on the track to leave it in time to avoid a collision." It was therefore peculiarly necessary that, under the evidence, the duty of plaintiff to avoid injury should have been included in the instruction given.

The plaintiff contends that instruction No. 6 correctly states the law applicable to this case and that it was taken *in toto* from an instruction approved of by this court in *Ferreira* v. *H. R. T. & L. Co.,* 16 Haw. 615. While this instruction was given in that case it does not follow that it was applicable to the case at bar, for, as the court remarked in the *Ferreira* case: "What may be a proper instruction in one case may not be in another." Furthermore the circumstances in the *Ferreira* case were different from those here in the important particular that, in that case, the person injured was not facing the street car, and thus able to see it, but was riding with his back to the approaching car.

It is further contended by plaintiff that even if instruction No. 6 did not state all of the essential elements necessary to be found by the jury in order that plaintiff might invoke the last clear chance rule, the lacking necessary element was supplied by other instructions, and for that reason defendant was not prejudiced. Particularly, plaintiff contends, was the duty of plaintiff to extricate himself from danger brought to the attention of the jury in instruction No. 8 given at the request of defendant. This instruction reads as follows:

"I instruct you that the duty of endeavoring to avert injury rested just as much upon the plaintiff as upon the defendant. ·

"I further instruct you that if you find from the evidence that at the time and place in question the plaintiff's automobile had come to a stop on the car track; and that the plaintiff then saw the street car approaching; and that he had sufficient time and opportunity to get out of his machine; and that a reasonably prudent man under such circumstances would have done so; and that if plaintiff had done so he would have averted injury to himself; and if you also find that his failure to get out of his machine was the proximate cause of his injury, it will be your duty to return a verdict for the defendant.

"And I further instruct you that if you find the facts to be as stated in this instruction, and if you also find that the plaintiff's failure to get out of his machine coupled with negligence on the part of defendant's motorman was the concurring proximate cause of plaintiff's injury, it will likewise be your duty to return a verdict for the defendant."

As we have seen, plaintiff's instruction No. 6 was erroneous in that by it the jury was in effect instructed that it must find for plaintiff without taking into consideration the efforts, or lack of efforts, on the part of plaintiff to extricate himself from the perilous position in which he had placed himself. On the other hand, in instruction No. 8 for defendant the jury was told that, if it should

find from the evidence that plaintiff could himself have averted the injury, the verdict must be for defendant. Here we have two instructions that are irreconcilable. Under plaintiff's instruction No. 6 the jury might wholly ignore the duty of plaintiff to extricate himself from danger while under defendant's instruction No. 8 the jury is admonished that if the evidence showed that plaintiff had not used every reasonable effort to avert danger the verdict should be for defendant.

We are not unmindful of the rule that an appellate court, in passing on instructions, should take the instructions given as a whole with a view to ascertain whether the jury has been sufficiently instructed on the law applicable to the case, and that frequently an instruction incomplete in itself is upheld when it appears that other instructions have supplied the matter lacking in the former instruction. While this is generally true, the giving of a bad instruction cannot be cured by the later giving of a proper one, for where conflicting instructions have been given the jury is likely to be misled, and a court cannot say which of the two instructions was followed. In *Pocahontas Consol. Collieries Co.* v. *Hairston, supra,* it was held that an instruction conditionally directing a verdict which was erroneous, was not cured by a subsequent correct instruction, since the two instructions were irreconcilable and it could not be told which one was followed by the jury, the court saying: "It still remains that between instruction No. 1 given for the plaintiff and instruction No. 3 as given for the defendant, there is an irreconcilable conflict. The jury under instruction No. 1 might wholly disregard the duty imposed upon Hairston by rule 40, whereas by instruction No. 3, he was precluded from a recovery if he failed to make due inspection in obedience to that rule." (See also *Lexington & E. Ry. Co.* v. *Fields,* 153 S. W. 43; *Riffe* v. *Wabash Ry. Co.,*

207 S. W. 78; *Starr* v. *Los Angeles Ry. Corp.*, 201 Pac. 599.)

For the foregoing reasons we are of the opinion that the giving of plaintiff's instructions Nos. 6 and 7 constituted prejudicial error.

Under exceptions 16, 17, 18 and 19 defendant contends that the trial court erred in refusing to give certain instructions requested by defendant. One of these instructions, defendant's requested instruction No. 16, reads: "I instruct you that the doctrine of the last clear chance cannot be invoked by the plaintiff in this case." The trial court properly refused this instruction for, we are of the opinion, that, under the evidence in the case, the plaintiff was entitled to invoke that rule and to have the same explained to the jury under proper instructions.

Exceptions 17, 18 and 19 are based upon the refusal of the trial court to give defendant's requested instructions Nos. 17, 18 and 19 which read as follows:

"Instruction No. 17. (Requested if No. *16* is refused.) The plaintiff relies partly upon a rule called the doctrine of the last clear chance. In other words, he claims that his automobile was at a standstill on the street car track and that the defendant's motorman, with the exercise of due care under the circumstances, had a clear chance to avoid the collision by stopping the car.

"This doctrine is a qualification of the rule concerning contributory negligence, and it may be stated thus: Where the plaintiff by his own negligent act or conduct has placed himself in a position of imminent peril, from which he is unable to extricate himself, he may not be carelessly or recklessly injured by the defendant who, after he has discovered and knows the perilous condition of the plaintiff, or could with reasonable diligence have discovered it, has it within his power to avoid doing him an injury by the use of reasonable care, the failure of the defendant to use such reasonable care, under such circumstances, will render him liable in damages notwith-

standing the prior negligent act of the plaintiff in placing himself in a position of peril.

"In this connection, I instruct you that in a case where the evidence shows negligence on the part of both the plaintiff and the defendant, in order that the rule of the last clear chance may be applied, the plaintiff either must have been in actual peril and unable to extricate himself, or in immediate danger of getting into peril to the knowledge of the defendant, and there must have been a reasonable opportunity thereafter for the defendant by the exercise of due care, to have averted injury, otherwise the negligence of the plaintiff and of the defendant, if any, being concurrent at the time of the injury, the plaintiff's negligence is to be regarded as a proximate cause of the injury, and the plaintiff would not be entitled to recover any damages.

"If, therefore, you find from the evidence in this case that the plaintiff stopped his machine on the street car track, but that the motorman did not have sufficient time or opportunity thereafter to stop the car and prevent a collision, it cannot be said that the defendant had the last clear chance to avert the collision, and the plaintiff would not be entitled to a verdict on the theory that the defendant did have that chance."

"Instruction No. 18. (Requested if Nos. *16* and *17* are refused.) The plaintiff relies partly upon a rule called the doctrine of the last clear chance. In other words, he claims that his automobile was at a standstill on the street car track and that the defendant's motorman, with the exercise of due care under the circumstances, had a clear chance to avoid the collision by stopping the car.

"But I instruct you that the doctrine of the last clear chance has no application where negligence on the part of the plaintiff continues until the very moment of the accident and concurs with negligence of the defendant in causing the injury.

"If therefore, you find from the evidence that the motorman did have the chance to avoid the collision, nevertheless if you find from the evidence that the plaintiff was negligent and that his negligence continued and concurred with negligence on the motorman's part in

causing the injury, you should return a verdict for the defendant."

"Instruction No. 19. (Requested if No. *16* is refused.) I instruct you that the application of the doctrine of the last clear chance presupposes the inability of the plaintiff to extricate himself from a position of peril. If, after seeing himself in a perilous position, the plaintiff had a reasonable opportunity to avoid being injured, and by the use of ordinary diligence could have so avoided injury, it would clearly be his duty to take advantage of that opportunity."

We are of the opinion that these three instructions correctly state the law applicable to the case and some of them, if not all of them, should have been given. Plaintiff contends that the refusal of the court to give these three instructions was not prejudicial to defendant because the law attempted to be given to the jury in these instructions had been fully covered in other instructions given, and particularly in defendant's instruction No. 8.

In giving plaintiff's instruction No. 6 and refusing defendant's instruction No. 16, the court recognized, and we think rightly, that the law of last clear chance was applicable to this case. It was therefore incumbent upon the court to adequately explain this rule of law to the jury. As we have already held, the last clear chance rule was not adequately explained to the jury under plaintiff's instruction No. 6, for that instruction lacked mention of an important feature of that rule. Nor can we say from an examination of the other instructions given that the court fully explained the last clear chance rule to the jury except perhaps by inference. In *Nawelo* v. *von Hamm-Young Co.*, 21 Haw. 644, 648, this court dwelt upon the duty of trial courts "to see to it that the jury are instructed fully and fairly from the standpoint of each of the contending parties, and that no point of importance upon which a proper instruction has been

requested is overlooked." In that case the court, after remarking that a trial court is not required to instruct the jury unless requested by counsel, goes on to say: "Hence it is that an attorney, mindful of his duty to his client, will have prepared for submission to the trial judge at the proper time a set of instructions designed to elucidate to the jury the law of the case from his client's point of view. Correct instructions which have been thus carefully prepared should not be lightly brushed aside unless the court is prepared to give the necessary time to the preparation of a complete charge. * * * We take it to be equally well settled that where instructions are asked which correctly state the law on any issue presented it is error to refuse them unless the points are adequately covered by the instructions given" (citing numerous authorities). "The cases cited go to show that it is generally considered error to refuse to give a requested instruction on a given point which is accurate and applicable though the point may have been inferentially covered by a general instruction which was given." In that case the trial court instructed the jury on negligence and contributory negligence and told the jury that if it should find that Hustace was not guilty of negligence or if it found that the plaintiff was guilty of negligence which contributed proximately to his injury its verdict should be for the defendant. In this connection the defendant requested several additional instructions on the subject of negligence, contributory negligence, and unavoidable accident which were refused. For refusing to give the requested instructions this court set aside the verdict saying: "Counsel for plaintiff do not claim that these instructions were incorrect or objectionable, but they contend that the points were sufficiently covered by the charge. With this we do not agree. It is true that the propositions contained in the requested instructions

were inferable from what the court said to the jury about negligence, contributory negligence, the effect of either, and as to the burden of proof being upon the plaintiff, but the question of unavoidable accident was also involved, and nothing in the charge was calculated to call to the attention of the lay mind the points covered by these requests. There is merit in the contention of defendant's counsel that the case from the standpoint of the defense was not fully and fairly covered by the charge and that the defendant was entitled to have the jury instructed as requested."

For the foregoing reasons the exceptions are sustained and a new trial granted.

*J. B. Poindexter* (*Thompson, Cathcart & Beebe* with him on the briefs) for plaintiff.

*A. G. M. Robertson* (*Robertson & Castle* on the briefs) for defendant.