## FRANCES RACHEL ELLIS, A MINOR, BY R. B. ELLIS, HER NATURAL GUARDIAN, *v.* MUTUAL TELEPHONE COMPANY, AN - HAWAIIAN CORPORATION.

### No. 1724.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT. HON. F. ANDRADE, JUDGE.

ARGUED JANUARY 6, 1927.                    DECIDED FEBRUARY 7, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

MASTER AND SERVANT—*scope of employment—pleading.*

A complaint that alleges in one paragraph that the "duly authorized" agent and employee of the defendant while acting as such agent and employee was conducting and operating an automobile truck along a public highway and in another paragraph alleges that the injuries suffered by the plaintiff were "caused solely by the negligence, recklessness and carelessness of the defendant acting by and through said employee and agent" sufficiently alleges that such agent and employee was acting within the scope of his employment.

NEGLIGENCE — *actions* — *pleading* — *declaration* — *allegation of simple negligence.*

When a complaint alleges in various paragraphs that the plaintiff's injury was caused by the "careless, reckless and negligent acts of the defendant's employee" and in one other paragraph that the said employee "carelessly, wilfully, negligently and recklessly ran into the car in which plaintiff was riding * . * *" such complaint charges simple negligence only and not the infliction of a wilful injury.

TRIAL — *instructions to jury* — *incomplete instruction* — *reference to other instructions.*

An instruction which authorizes the jury to return a verdict for the plaintiff if it believes from a preponderance of the evidence that the injury complained of was "caused" by the negli-

gence of the defendant's agent and employee is not erroneous when it appears from other instructions given that the defendant is only liable for injuries "proximately" caused by such negligence.

SAME—*same—when instruction not limiting negligence to that alleged in complaint not erroneous.*

An instruction which does not specifically limit the jury to a consideration of the negligence alleged in the complaint is not erroneous when there is no evidence of other negligence than that alleged in the complaint.

SAME—*same—scope of employment—uncontradicted evidence.*

It is not error to give an instruction that fails to submit to the jury the question of whether the defendant's agent and employee was acting within the scope of his employment when the uncontradicted evidence shows the nature and extent of such employment and only one reasonable conclusion can be drawn from such evidence. Under these circumstances the question of whether the agent and employee was acting within the scope of his employment is one of law to be decided by the court.

NEGLIGENCE—*contributory negligence—imputed negligence—of parent not imputable to child.*

In an action by a five-year-old child for damages resulting from a collision between two automobiles, contributory negligence of the mother who is driving one of said automobiles in which her said child is riding is not imputable to the child.

SAME—*same—infants of tender years.*

A female child between five and six years of age, as a matter of law is incapable of contributory negligence.

OPINION OF THE COURT BY BANKS, J.

This case comes here on exceptions. The plaintiff, a child five years of age, brought suit against the defendant for damages resulting from a collision on Kamehameha highway between an automobile designated as a Ford roadster, the property of the defendant, and, at the time, under the operation and control of an employee of the defendant, and an automobile of the Chevrolet type in

which the plaintiff was riding and which was being driven by her mother. The trial resulted in a verdict in favor of the plaintiff in the sum of $1500. The defendant reserved exceptions to certain rulings of the court below which it presents to this court, by a bill of exceptions, for review.

The defendant interposed a demurrer to the original complaint which demurrer was overruled. At the conclusion of the evidence the plaintiff, against the objection of the defendant, was permitted to make certain amendments to the original complaint. The defendant then interposed to the complaint as amended the same demurrer that had been interposed to the original complaint. This demurrer was likewise overruled and the action of the court was excepted to and is now relied on as error. The only ground of the demurrer argued in defendant's brief is that said complaint does not "state facts sufficient to constitute a cause of action." In considering the question thus presented it is necessary to set out the amended complaint in full. It is as follows:

"Now comes the plaintiff, Frances Rachel Ellis, by R. B. Ellis, her natural guardian, and complains of defendant and for cause of action alleges:

"1. That Frances Rachel Ellis, plaintiff, is now and was at all times herein mentioned a minor under six years of age.

"2. That the said R. B. Ellis is now and was at all times herein mentioned the father of the plaintiff, Frances Rachel Ellis, and her natural guardian.

"3. That defendant is now and was at all times herein mentioned a corporation duly organized and existing under and by virtue of the laws of the Territory of Hawaii.

"4. That on or about the 18th of November, 1925, plaintiff was riding in an automobile on the Kameha-

meha highway in the City and County of Honolulu, Territory of Hawaii, which was traveling in a Waikiki direction.

"5. That an automobile truck, which was conducted and controlled by the defendant's duly authorized agent and employee, was driven in an Ewa direction on said Kamehameha highway in said City and County of Honolulu, at and about the same time and place as the car in which the said plaintiff was riding, was being driven as aforesaid.

"6. That when the car in which the plaintiff was riding, as aforesaid, arrived at a point about forty yards from the Kalauao bridge, said car started to skid; that at the time said car started to skid, said automobile truck conducted and controlled by defendant's agent and employee, as aforesaid, was about seventy-five yards from said Kalauao bridge and about one hundred and fifteen yards from the car in which plaintiff was riding as aforesaid, traveling in an Ewa direction; that when the car in which plaintiff was riding started to skid as aforesaid, the driver of said car signalled to driver of said auto truck, defendant's employee and agent, to stop; that said driver, defendant's employee and agent, saw said signal, and said car skid but did not stop or make any attempt to stop, but carelessly, recklessly and negligently came toward the car in which plaintiff was riding and struck said car and knocked said car off of said road causing plaintiff to sustain serious injuries, as hereinafter set forth.

"7. That said agent and employee of the defendant, who was driving said auto truck, as aforesaid, could have avoided striking the car in which plaintiff was riding, as aforesaid, if he had heeded the warning given by the driver of the car in which plaintiff was riding as aforesaid, as said employee and agent of said de-

fendant, as aforesaid, had ample time to stop the auto truck he was driving before he struck the car in which plaintiff was riding; that the driver of said auto truck, an employee and agent of said defendant as aforesaid, saw the car in which plaintiff was riding when it started to skid and was then about one hundred and fifteen yards from the car in which plaintiff was riding; that said driver, an employee and agent of the defendant, as aforesaid, disregarded the warning given by the driver of the car in which plaintiff was riding, and the skidding of said car as aforesaid, and carelessly, wilfully, negligently and recklessly ran into the car in which plaintiff was riding and caused plaintiff to sustain serious injuries as hereinafter set forth.

"8. That by reason of the careless, reckless and negligent acts of the defendant by its agent and employee, as above set forth, plaintiff sustained the following injuries, to wit: three fractures of the jaw; a fracture of the right shoulder; a cut five inches along the forehead extending into the hair and dislocation of two teeth.

"9. That the injuries sustained by plaintiff as aforesaid were without any negligence or fault of the plaintiff or the driver of said car in which said plaintiff was riding, but was caused solely by the negligence, recklessness and carelessness of the defendant acting by and through said employee and agent, as aforesaid.

"10. That by reason of the injuries sustained by the plaintiff as aforesaid through the careless, negligent and reckless acts of the defendant as aforesaid, plaintiff suffered great pain and agony and was confined to her bed in a hospital under the constant care of physicians for a period of about three weeks and ever since said injuries plaintiff has suffered and still suffers from nervous shock and pains in her face and body; that plaintiff is five years of age and was in perfect health prior to said

accident and ever since said accident had been and will be for a long time nervous and unstrung.

"That plaintiff has been disfigured permanently by said scar on her forehead; that plaintiff's jaw which was fractured in three places as aforesaid has permanently disfigured plaintiff's face.

"Wherefore, plaintiff prays that the process of this honorable court do issue summoning the said defendant to appear and answer this, the plaintiff's complaint, in the manner provided by law; that this plaintiff have and recover judgment of and against the said defendant, Mutual Telephone Company, for the sum of ten thousand dollars ($10,000.00) and costs of this action."

The defendant contends that the amended complaint does not state facts sufficient to constitute a cause of action because it fails to allege that the employee who was operating the automobile truck was at the time acting within the scope of his employment. It is true that the pleader did not in this connection adopt the words that are most frequently used in complaints of this character. The conventional mode of expression is "that the said employee while acting within the scope of his employment did" so and so. Other words appear, however, in the amended complaint that in our opinion sufficiently convey the same thought.

In paragraph 5, for instance, it is alleged "that an automobile truck which was conducted and controlled by the defendant's *duly authorized agent and employee,*" etc. This is clearly an allegation that the truck was being conducted and controlled by a person who was at the time the defendant's agent and employee. It is equally clear that it is an allegation that such person was *duly authorized by the defendant.* Duly authorized to do what? Evidently to do the thing it is alleged he was doing, namely, conducting and controlling the truck. This

is certainly the equivalent of an allegation that in conducting and controlling the truck as the employee of the defendant such employee was acting within the scope of his employment. Webster defines "authorize" as follows: "To clothe with authority, warrant or legal power; to give a right to act; to empower." He also defines "authorized" as follows: "Possessed of or endowed with authority; as an authorized agent."

It is also alleged in the eighth paragraph of the amended complaint that "by reason of the careless, reckless and negligent acts of the defendant by its agent and employee as above set forth the plaintiff sustained the following injuries," etc. By this allegation the plaintiff assumed the burden of proving that the agent and employee of the defendant acted within the scope of his employment, otherwise his acts were not the acts of the defendant and consequently the defendant would not be answerable. It is not now disputed, of course, that the negligent acts of an agent or employee, whether of omission or commission, done in the performance of something which he is duly authorized by his principal or employer to perform are by law imputed to the principal or employer.

Exceptions Nos. 1, 2 and 4 present the same question above discussed and need not be further considered.

Exception No. 8 relates to the giving of plaintiff's instruction No. 3. This instruction is as follows: "Gentlemen of the jury, you are instructed that if you find from a preponderance of the evidence that the injury sustained by plaintiff was caused by the negligence of the employee of the defendant corporation, and not by the contributory negligence of the plaintiff, then you must find for the plaintiff." The defendant contends that the instruction is objectionable for three reasons: (a) because it is too broad and authorizes the jury to

consider acts of negligence not alleged in the complaint; (b) because it does not require a finding by the jury of all the elements of plaintiff's case necessary to her right to recover damages; (c) because it authorizes a verdict for plaintiff on proof of simple negligence when the complaint alleges a wilful tort. We will consider these objections in their order. It is not claimed by the defendant that there was evidence of any acts of negligence by the person operating the Ford roadster other than those alleged in the complaint and an examination of the transcript discloses that there was no such evidence. If there had been evidence of acts of negligence other than those alleged in the complaint a different question would arise. In the absence of such evidence, however, the negligence of the defendant's employee referred to in the instruction could only have been understood by the jury to be the negligence alleged in the complaint and of which there was supporting testimony. In *Diehl* v. *East St. Louis Light and Power Co.,* 188 Ill. App. 286, 290, the court said: "Appellant complains of appellee's given instruction No. 2, which told the jury that if they believed from a preponderance of the evidence the use of said insulator above the public sidewalk at the point in question, as it was there being used as shown by the evidence, was negligence on the part of the defendant and such negligence caused appellee's injury, and he was at the time in the exercise of ordinary care for his own safety, they should find the defendant guilty, because the instruction did not confine the negligence to that charged in the declaration. While this instruction did not use the words of the declaration as the negligence complained of is there set forth, yet the jury could not have been misled by it as no other negligence than that named in the declaration was sought to be proved, and the proof concerning the

negligence charged in the declaration was, as we have above seen, sufficient to warrant the verdict against appellant." Moreover, in determining whether the jury was likely to be misled by this instruction, it is proper to consider it in relation to other instructions that were given by the trial court on the same subject. In *Borowsky* v. *Hon. R. T. Co.*, 29 Haw. 188, 199, this court said: "We are not unmindful of the rule that an appellate court, in passing on instructions, should take the instructions given as a whole with a view to ascertain whether the jury has been sufficiently instructed on the law applicable to the case, and that frequently an instruction incomplete in itself is upheld when it appears that other instructions have supplied the matter lacking in the former instruction." In instruction No. 7 given at defendant's request, the lower court instructed the jury as follows: "According to the allegations of the plaintiff's complaint, the negligence complained of consisted of the failure of the defendant's driver to heed a signal to stop his automobile given by the driver of the automobile in which the plaintiff was riding as a passenger and, disregarding such signal to stop as well as the skidding of said car and proceeding toward the automobile in which the plaintiff was a passenger and colliding with the same. In order for the plaintiff to recover, it is incumbent upon her to show by a preponderance of the evidence the negligence as alleged. If you find from the evidence that the injuries complained of were the direct and proximate result of negligence other than that alleged, your verdict must be for the defendant." Plaintiff's instruction No. 3, read in connection with the instruction just quoted, could not reasonably have been interpreted by the jury to mean that all limits to their inquiry into the negligence of the defendant's employee were removed. The defendant also

objects to plaintiff's instruction No. 3 on the ground that it omits an essential element of plaintiff's right to recover, namely, that the negligence of the defendant's employee was the proximate cause of plaintiff's injury. We must again examine instruction No. 3 in order to determine whether this contention is sound. The first question to which the instruction directs the attention of the jury is whether the injury sustained by plaintiff was *caused by the negligence* of the defendant's employee. By it the jury was told that if it believed from the evidence that the plaintiff was not guilty of contributory negligence it must return a verdict in her favor provided it further found from a preponderance of the evidence that the negligence of the defendant's employee caused her injury. It is contended by the defendant that inasmuch as it could not under any circumstances be held liable for the plaintiff's injury unless such injury was *proximately* caused by the negligence of its employee, the instruction was erroneous because it authorized the jury to find for the plaintiff if it believed from a preponderance of the evidence that the injury was *caused* whether *proximately* or not, by such negligence. It is also claimed by the defendant that other portions of the court's instructions cannot be looked to in order to determine whether the jury was likely to be misled by the failure to qualify the word *"caused."* This claim is predicated on the assumption that instruction No. 3 purports to contain a complete statement of the law upon which the plaintiff's right to recover depends and inasmuch as the law is incorrectly stated it is in conflict with other instructions in which the law is correctly stated and therefore necessarily misleading. We think the assumption is wrong. There is in instruction No. 3 no adverbial qualification of the word "caused" in its relation to the negligence of the defendant's employee. If

there were and such qualifying term was one not sanctioned by the law, the defendant's position would be well taken. For instance, if the instruction had contained such expressions as "remotely caused" or "indirectly caused" it would have been in irreconcilable conflict with other instructions in which "proximately caused" was used and therefore, so far as receiving aid from such other instructions is concerned, would be incurably erroneous. This, however, is not the case. Instruction No. 3 does not qualify the word "caused" at all and if it was properly qualified by other instructions in which it is used in the same connection as in instruction No. 3, the jury can hardly be presumed to have been misled by it. We think, therefore, it is proper to examine other instructions that were given for the purpose of determining the question now under consideration. Instruction No. 4, given at the plaintiff's request, is as follows: "The court instructs you that in this action brought to recover damages for injuries to the person of plaintiff caused by the alleged negligent operation of a Ford roadster, the defendant is liable if it is found by the jury from a preponderance of the evidence that the plaintiff suffered damage; that the defendant was negligent; that the defendant's negligence was the proximate cause of the damage, and that the plaintiff was not contributorily negligent. That in such an action, 'the proximate cause of an event must be understood to be that which, in a natural and continuous sequence unbroken by any new cause, produces that event, and without which that event would not have occurred' * * *." Instruction No. 2, given at the defendant's request, is as follows: "In order for the plaintiff to recover five elements must appear: 1st, that at the time of the accident complained of defendant's agent and employee owed a legal duty to plaintiff; 2nd, that he

breached that duty; 3rd, that at the time of such breach he was acting within the scope of his employment; 4th, an injury to plaintiff directly and proximately resulting from such breach; and, 5th, damages to plaintiff directly and proximately resulting from such injury." Instruction No. 10, given at the defendant's request, is as follows: "Moreover, if that negligence be actionable it must appear that it was the direct and proximate cause of the injury complained of. The phrase 'proximate cause' means the predominating cause, and the proximate cause of an injury is that cause which, in natural continuous sequence, unbroken by any intervening cause, produces the injury, and without which the result would not have occurred." And instruction No. 11, given at the defendant's request, is as follows: "If it appears from the evidence that the driver of the Ford roadster was negligent, but that his negligence was not the direct and proximate cause of the injury complained of by the plaintiff herein, your verdict must be for the defendant." These instructions are so specific in defining proximate cause and limiting the defendant's liability to the plaintiff for injuries proximately caused by the negligence of its employee that it would be a strained conclusion to hold that the jury might be misled by instruction No. 3 into believing that it could predicate a verdict against the defendant on negligence that only indirectly or remotely caused the injury complained of. This conclusion is not without judicial precedent. In *Rochester* v. *Bull*, 58 S. E. 766, 767, the supreme court of South Carolina said: "The circuit judge at the close of his charge told the jury that, if negligence of the agent in charge of the automobile caused the injury, the principal would be liable. The defendant alleges error in his failing to qualify this language so as to make the principal liable only for such injuries as were caused proximately by the

agent's negligence.   This exception cannot be sustained.
The court had previously charged that a person would
not be liable, unless his negligence was the proximate
cause of the injury."   The third ground of attack on
plaintiff's instruction No. 3 is that it authorizes the jury
to return a verdict against the defendant on proof of
simple negligence whereas the complaint alleges that the
plaintiff's injury was caused by the wilful misconduct of
the defendant's employee.   This question necessitates an
examination of the complaint.   In paragraph 6, after some
preliminary   allegations,   plaintiff   alleges   that   "said
driver, defendant's employee and agent, saw said signal
and said car skid but did not stop or make any attempt
to stop but carelessly, recklessly and negligently came
toward the car in which plaintff was riding and struck
said car and knocked said car off of said road. * * *"
And in paragraph 7 plaintiff alleges "that said driver,
an employee and agent of the defendant as aforesaid,
disregarded the warning given by the driver of the car
in which plaintiff was riding and the skidding of said
car as aforesaid and carelessly, wilfully, negligently and
recklessly ran into the car in which plaintiff was riding.
* * *"   And in paragraph 8 she alleges "that by rea-
son of the careless, reckless and negligent acts of the
defendant by its agent and employee as above set forth
plaintiff sustained the following injuries   *   *   *."

In paragraph 9 plaintiff alleges "that · the injuries
sustained by plaintiff as aforesaid were * * * caused
solely by the negligence, recklessness and carelessness of
the defendant acting by and through said employee and
agent as aforesaid."   In paragraph 10 she alleges that
"by reason of the injuries sustained by the plaintiff as
aforesaid through the careless, negligent and reckless
acts of the defendant as aforesaid plaintiff suffered great
pain and agony   *   *   *."   It will thus be seen that

"wilfully" was used only once. This word appears in the seventh paragraph and is there used conjointly with "carelessly," "negligently" and "recklessly." In all the other paragraphs in which the conduct of the defendant's employee is characterized the words "carelessly," "recklessly" and "negligently" or "carelessness," "negligence" and "recklessness" only are used. These expressions import simple negligence alone. They carry with them no inference of wilful or intentional misconduct. In the case of *Western Union Tel. Co.* v. *Catlett,* 177 Fed. 71, the word "wantonly" was coupled with the words "recklessly," "carelessly" and "cruelly." The circuit court of appeals, fourth circuit, held that the complaint charged simple negligence only. In the syllabus the court said: "An allegation that the act causing intestate's death was recklessly, carelessly, wantonly and cruelly done did not charge a wilful injury but amounted only to an allegation of simple negligence; the word 'wanton' not being the equivalent of 'wilful.' " In *Cleveland, C., C. & St. L. Ry. Co.* v. *Tartt,* 64 Fed. 823, 825, the circuit court of appeals, seventh circuit, said: "The words 'gross,' 'reckless,' and 'wanton' do not imply the same thing as 'wilful' or 'intentional.' These terms have been used in some cases as though they might import something more than negligence, and were the equivalent of willfulness. In the better considered cases, however, these terms have been held to mean less than willfulness and nothing more than negligence." It would be too narrow a construction of the complaint now before us to conclude that because the word "wilfully" appears therein only once and then in connection with "carelessly," "negligently" and "recklessly," "wilfully" alone must be looked to to determine the nature of the action. It is obvious from the entire complaint that only simple negligence was

relied on. For the foregoing reasons exception No. 8 is overruled.

Exception No. 9 relates to the giving of plaintiff's instruction No. 4. This instruction is as follows: "The court instructs you that in this action brought to recover damages for injuries to the person of plaintiff caused by the alleged negligent operation of a Ford roadster, the defendant is liable if it is found by the jury from a preponderance of the evidence that the plaintiff suffered damage; that the defendant was negligent; that the defendant's negligence was the proximate cause of the damage, and that the plaintiff was not contributorily negligent; that in such an action, 'the proximate cause of an event must be understood to be that which, in a natural and continuous sequence unbroken by any new cause, produces that event, and without which that event would not have occurred;' (1) that in such an action 'contributory negligence' is a want of ordinary care on the part of the person injured by the actionable negligence of another, combining and concurring with that negligence, and contributing to the injury as a proximate cause thereof, without which the injury could not have occurred; (2) and that to constitute 'contributory negligence,' barring a recovery, plaintiff's negligence must have been a portion of the efficient proximate cause of the injury complained of." The specific objection urged against this instruction is that it fails to submit to the jury the question whether the defendant's employee was acting within the scope of his employment at the time of the collision. It is contended that in other instructions that were given this question was left to the jury and therefore instruction No. 4 is in conflict with such other instructions and hence likely to mislead and confuse the jury. The force of this contention is contingent upon the state of the evidence on this subject. If the evi-

dence was conflicting as to the nature and extent of the employment of the person operating the defendant's Ford roadster, the determination of the facts from the evidence and the application to them of the law as given by the court should have been left to the jury. If, on the other hand, the evidence was undisputed and only one inference could reasonably be drawn therefrom there was nothing to submit to the jury and it only remained for the court to determine from the facts proven whether as a matter of law the defendant's employee was acting within the scope of his employment. The unnecessary submission to the jury, in one or more instructions, of a question of fact that is established by undisputed evidence cannot make it error to give another instruction in which the fact is assumed to exist. Such an apparent inconsistency between the instructions is entirely harmless. In order to ascertain whether there was conflict in the evidence as to the nature and extent of the employment of defendant's employee who was operating the Ford roadster, it is necessary to examine the transcript. The transcript shows that F. E. Wersing, who was called as a witness for the defendant, testified on direct examination that on November 18, 1925 (the date of the accident), he was in the employment of the Mutual Telephone Company (the defendant in this case); that he was at that time superintendent in charge of the Waipahu telephone exchange; that about 1:30 on the day in question he left the Waipahu exchange and went to Aiea to install a telephone; that he went in a Ford roadster, the property of the defendant, driving said roadster over the Kamehameha highway; that the metal part of the body of the roadster had been taken off and a wooden body put on; that there were in the roadster an extension ladder, tools, telephone and little wire; that he arrived at Aiea a little after two o'clock; that he com-

pleted his work of installing a telephone at Aiea about four o'clock; that he then laid out his tools and started back in the roadster to Waipahu accompanied by his son, a boy about five years of age; that the ladder was on the left side of the car in a special rack made to carry it; that the average hours he worked for the defendant were eight hours a day except in case of special call; that on the 18th day of November his day's work was completed at four o'clock; that he was given permission to use the roadster whenever he wanted. On cross-examination he testified that when he went to work for the telephone company at Waipahu he was put in sole charge of the telephone exchange at that place; that as superintendent or manager of this exchange it was his duty to "shoot" all the trouble for the telephones, install telephones, take out telephones and collect the rentals at Waianae; that he started to work every morning at seven o'clock and stopped work at four o'clock; that on special occasions, such as doctors' telephones and hospital telephone, he sometimes fixed them after four o'clock; that if the company told him at any time to go and fix a telephone he was ready to go; that when he was on his way back to Waipahu before the accident happened, if any one in authority in the telephone company had told him to go to another place to fix a 'phone, he would have done so; that the roadster was kept at Waipahu at the telephone exchange at all times when he was not using it; that at the time of the accident he was on his way back to the place at Waipahu where he kept the roadster; that he was subject to call at any time for important trouble with 'phones if the telephone company telephoned him; that the tools that were in the roadster were kept in the roadster at all times ready for emergency at any time. This testimony was given by a witness for whose veracity the defendant vouched

and was uncontradicted and undisputed by other evidence. The only remaining question is, can more than one inference be reasonably drawn from the facts above recited? We think not. The only reasonable conclusion that can be drawn from these facts is that Wersing at the time of the collision was acting in furtherance of the defendant's business and therefore within the scope of his employment. He was taking the defendant's car back to the place where it was always kept when not in use. He was returning to the defendant's telephone exchange at Waipahu of which he was the manager and where he was likely to receive calls at any time from the defendant to "shoot" telephone troubles, to which calls it was his duty to respond. He was not returning to Waipahu on any personal mission of his own but solely in pursuit of the defendant's business. For the foregoing reasons exception No. 9 is overruled.

Exception No. 11 relates to the giving of plaintiff's instruction No. 7. This instruction is as follows: "Gentlemen of the jury, you are instructed that if you find from a preponderance of the evidence that at the time the car in which plaintiff was riding, the operator of said car was driving the same in a careful, prudent and competent manner and that prior to and at the time said car skidded, the operator of said car exercised due and reasonable care and resorted to every reasonable and practicable means to avoid the skidding of said car, then you must find that the plaintiff was not guilty of negligence." The objection urged to this instruction is that it did not submit to the jury the question whether the plaintiff's mother who was driving the car occupied by the plaintiff was guilty of negligence after her car began to skid. This objection is not well taken, for the reason that the negligence of the mother, if she was negligent, is not imputable to the plaintiff who was a child about

five years of age. The rule on this subject is stated in the note to *Gulesserian* v. *Madison R. Co.*, 15 A. L. R. (Wis.) 406, 414, as follows: "The rule adopted in a majority of the jurisdictions is that in an action by or in behalf of an infant of tender years for a personal injury the fault or contributory negligence of its parent or custodian cannot be imputed to the child." A great number of cases is cited in support of the text. The other ground of objection to this instruction has already been discussed in the last preceding portion of this opinion. Exception No. 11 is therefore overruled.

Exception No. 12 relates to the giving of plaintiff's instruction No. 9. This instruction is as follows: "Gentlemen of the jury, you are instructed that if you find from a preponderance of the evidence that the car in which plaintiff was riding skidded to the left side of the road even though the skidding was due to the negligence of the driver of the car in which plaintiff was riding the plaintiff by reason of said skidding was placed in a perilous situation from threatened contact with defendant's Ford roadster and that defendant's servant in charge of said Ford roadster, by the exercise of ordinary care could have seen plaintiff's perilous situation and averted the injury by any available means reasonably consistent with the safety of defendant's auto and its operator (defendant's servant), it was then the duty of said defendant's servant, operating defendant's auto, to make use of such available means and to lessen the speed of defendant's Ford roadster and even bring it to a stop, if reasonably necessary and practicable to avoid injury to plaintiff. And if you find from a preponderance of the evidence that the defendant's agent, driving said auto truck under these circumstances, failed to perform his duties, you will then find that the defendant was negligent, and you must find for the plaintiff." The

objection urged against this instruction is that it purports to contain a complete statement of the law upon which the right of the plaintiff to recover was predicated and is defective because it omits two essential elements of such right; the first of these elements being that the operator of the Ford roadster was acting within the scope of his authority and the second that it was the duty of the plaintiff to use all reasonable efforts to extricate herself from a position of peril upon discovering that she was in such position.   We have already, in considering exception No. 9, expressed our views on the first element claimed to have been omitted from the instruction now under review.   As to the second element, namely, the duty of the plaintiff to extricate herself from a position of peril, the defendant relies on *Borowsky* v. *Hon. R. T. Co.*, 29 Haw. 188.   It is true that instruction No. 9 is quite similar to plaintiff's instruction No. 7 that was given in the *Borowsky* case, the giving of which was held by this court to be error.   The facts in the two cases, however, are very dissimilar.   In the *Borowsky* case the plaintiff was a mature man and was subject to all the requirements placed by law upon one who finds himself in a perilous position.   Not so in the instant case.   Here the plaintiff was a female child between five and six years of age.   The only theory upon which the defendant's contention regarding the question we are now considering could be sustained is that the plaintiff as a matter of fact *might* have been capable of realizing that she was in a position of peril and *might* have been capable of extricating herself from such position.   The theory is unsound.   It presupposes that a child of the plaintiff's age might, under the circumstances of this case, be capable of negligence that would defeat its right to recover.   There is much contrariety of opinion among courts of last resort as to when a minor

reaches an age when the question of its negligence becomes a question of fact and not of law. The great majority of courts, however, are agreed that between the ages of five and six a child is both mentally and physically so immature that it, as a matter of law, is incapable of negligence as that term is defined by legal writers. The rule which we unhesitatingly adopt is nowhere better stated than in *Johnson* v. *City of Bay City,* 164 Mich. 251, 255, where the supreme court of Michigan says: "There comes a time in the life of every child, when the doing of an act which results in injury to itself may be said to be negligence, as a matter of law, and there is a period between that time and extreme youth when the question of whether or not the child had sufficient intelligence to appreciate the dangerous consequences liable to flow from its act becomes one for the jury. We believe, however, that all reasonable minds would agree that an infant, but little more than five years of age, could not have sufficient intelligence to be charged with negligence, either as a matter of law or as a matter of fact. It may be difficult, perhaps impossible, to point out the exact age at which the question becomes one for the jury, but it is, we think, clear that it has not arrived at five years and four months." Exception No. 12 is therefore overruled.

Exception No. 16 relates to the overruling of the defendant's motion to set aside the verdict because it was contrary to the law, the evidence and the weight of the evidence. We have already given our reasons why the verdict was not contrary to the law. It was likewise not contrary to the evidence nor the weight of the evidence because it is supported by substantial evidence amounting to more than a scintilla.

The exceptions are overruled.

W. B. *Pittman* (*L. LeBaron* with him on the brief) for plaintiff.

J. V. *Hodgson* (*Peters & O'Brien* on the briefs) for defendant.