## HÖFFSCHLAEGER CO., Limited, v. FRAGA.

(Circuit Court of Appeals, Ninth Circuit. June 18, 1923.)

No. 3997.

**1. Trial ☞146—Newspaper statement insurance company was defending suit did not entitle defendant to withdraw a juror.**

The fact that a newspaper published an article during the course of the trial, in which it stated that an insurance company was defending the suit and declared that complainant did not suffer serious injuries, does not entitle defendant to withdraw a juror and have a new trial, even if such practice was permissible in the court, but at most entitled it to re-examine the jurors as to whether they read the article and would be influenced thereby.

**2. Trial ☞43—Refusal to send expert witness from stand to get books referred to on cross-examination was not an abuse of the trial court's discretion.**

Where an expert witness, who testified for plaintiff, had been cross-examined by defendant as to authorities supporting his statement, and had named certain authorities, it was not an abuse of the trial court's discretion to refuse to send the witness from his stand to his home to procure the books referred to, for the use of the defendant's counsel.

**3. Evidence ☞556—Expert cannot, on cross-examination, be required to find passage in book referred to by him.**

Where an expert witness for plaintiff had been cross-examined as to authority supporting certain statements, it was not error for the trial court to refuse to require the expert to examine a treatise submitted to him by counsel, to enable him to point out some portion that might support or contradict his testimony, but cross-examining counsel should have called the attention of the witness to the particular statement.

**4. Damages ☞210(2)—Charge that verdict cannot exceed amount claimed is not erroneous.**

In an action for personal injuries, it was not error for the court to charge the jury that the amount awarded by them could not exceed $11,500, which was the amount claimed by plaintiff.

In Error to the Supreme Court of the Territory of Hawaii.

Action at law by Margaret Fraga, by Alfred Frago, her guardian ad litem, against the Hoffschlaeger Company, Limited. Judgment for plaintiff, and defendant brings error. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This was an action to recover damages for personal injuries resulting from a fall through an open elevator shaft in a public sidewalk on one of the streets of Hilo, territory of Hawaii. After the jury was impaneled and sworn and a part of the testimony taken, one of the newspapers of Hilo published an article commenting on the trial, in which it was stated that an insurance company was defending the case, and that it was reported that at the time of the accident the insurance company agreed to settle for a small amount. On the incoming of court on the following morning, the defendant moved the court to withdraw a juror and declare a mistrial because of this publication. The motion was denied.

In the course of the trial a medical expert, called by the plaintiff, was asked upon cross-examination if he had any authority to support certain statements made by him in the course of his cross-examination. The witness named certain authorities and said they were at his home. The defendant thereupon moved the court for an order requiring the witness to produce the authorities, but the motion was denied. Again, the same witness was asked to turn to a passage in a certain work referred to by him on cross-examination, but the court refused to permit the witness to do so, and it is claimed that the court unduly restricted the cross-examination of the witness in other respects.

It is also claimed that the plaintiff was guilty of contributory negligence as a matter of law; that the verdict was excessive; and error is assigned to certain portions of the charge of the court, especially to the charge that the verdict could in no event exceed the sum of $11,500, which was the amount claimed in the complaint. A judgment in favor of the plaintiff was affirmed by the Supreme Court of the territory, and the defendant brings error.

W. O. Smith, L. J. Warren, W. L. Stanley, R. A. Vitousek, all of Honolulu, Hawaii, and Jesse H. Steinhart and John J. Goldberg, both of San Francisco, Cal., for plaintiff in error.

Fred Patterson, of Hilo, Hawaii, Charles S. Davis, of Honolulu, Hawaii, and Morrison, Dunne & Brobeck and Edward Hohfeld, all of San Francisco, Cal. for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge (after stating the facts as above). [1] Under the facts of this case the Supreme Court of the territory did not find it necessary to determine whether the practice of withdrawing a juror obtains in that territory, nor do we. It will be conceded that in some jurisdictions the admission of testimony, or an offer of proof, tending to show that an insurance company, not a party to the action, is the real party in interest, is reversible error, and it is generally conceded that offers of compromise are incompetent. But there is a vast difference between testimony or offers of proof in open court and mere newspaper reports, and it seems to us that counsel for the plaintiff in error has unduly magnified the importance of the incident complained of. The objectionable part of the publication reads as follows:

"According to the insurance company, which is defending the case for the defendant, it is admitted that Miss Fraga was walking along Keawe street and fell down an elevator shaft, but they declare that the complainant did not suffer serious injuries. It is reported that the insurance company, at the time of the accident, agreed to settle for a small amount of damages."

It seems to us that a simple admonition from the court that there was no such testimony in the case, and that the jury should disregard

the published statement if it came to their notice, was all that could be required or expected under the circumstances. If in this day and age a juror must be withdrawn and a case discontinued every time an untoward incident of this kind occurs, the practice of withdrawing a juror will become the rule rather than the exception. Had the publication occurred before the jury was impaneled, it could not be claimed that the mere publication of the article would disqualify, unless jurors had read the article and would be influenced thereby, and the Supreme Court of the territory was of opinion that the plaintiff in error, instead of demanding the withdrawal of a juror as a matter of right, should have asked leave to re-examine the jurors to ascertain whether they had read the article, and, if so, whether it would effect their judgment in the discharge of their duties, and having failed in this, it could not complain later. More than this we do not think the plaintiff in error had a right to insist upon. At most, a situation arose calling for the exercise of sound judicial discretion on the part of the trial court, and we cannot say that that discretion was abused.

[2, 3] There is a conflict of authority as to the use that may be made of scientific books, and more especially of medical treatises, on the examination of expert witnesses. It is very generally agreed that the treatises themselves are not competent evidence, so that the chief conflict arises as to the extent of their use on cross-examination. Many courts hold that they cannot be used at all, unless the witness on direct examination bases his opinion upon some particular authority, in which case the authority may be used for the purpose of contradiction, but for no other purpose. A much more extended use is permitted, however, in other jurisdictions. 3 Jones, Com. on Ev. § 579. But we need not concern ourself with the rule or the limitations upon the rule here, because it is apparent that counsel for the plaintiff in error did not bring himself within any known rule upon the subject. Clearly the court did not abuse its discretion in refusing to send the witness from the stand to his home to procure a book for the use of counsel, nor did it err in refusing to require the witness to examine a treatise, to enable him to point out some line or paragraph that might support or contradict his testimony. If counsel desired to contradict the witness by some statement of the author, he should have called the attention of the witness to the statement, and not consume the time of the court by asking the witness to look for something that might or might not exist.

There was no undue limit imposed on the right of cross-examination in any other respect. The direct examination of the witness was very brief, yet counsel for the plaintiff in error states in his brief that the trial consumed several days and that this witness was on the stand most of that time. This of itself shows very clearly that counsel was allowed a wide range in the cross-examination and that the examination involved many repetitions as stated from time to time by the court. The claim that the defendant in error was guilty of contributory negligence as a matter of law, and the claim that excessive damages were allowed are so devoid of merit as to call for no discussion.

[4] Nor was there error in the charge of the court. The chief point of attack is to the statement in the charge that the amount of the ver-

dict could not exceed the amount claimed in the complaint. Such an objection would seem frivolous were it not supported by some adjudged cases. The great weight of authority, however, is to the contrary. In many jurisdictions the pleadings go to the jury room, but in any event, and whether they do or not, the court must state the issues to the jury, and these are made up of the claims of the respective parties. As a matter of law, the verdict cannot exceed the amount claimed, and it is a common practice to direct the attention of the jury to that fact. But why should the jury be influenced by the amount claimed by the plaintiff, any more than by any other claims advanced by the parties? Such claims are not evidence, and it is an insult to human intelligence to say that they are likely to mislead or otherwise influence the jury.

We find no error in the record, and the judgment is therefore affirmed.