## FRANK C. ANDUHA *v.* THE COUNTY OF MAUI, TERRITORY OF HAWAII.

### No. 1750.

Submitted September 7, 1927.   Decided September 21, 1927.

Perry, C. J., Banks and Parsons, JJ.

OPINION OF THE COURT BY BANKS, J.

This case is here on exceptions. The action arose out of a collision between two automobiles. On January 14, 1925, the plaintiff was driving a Star touring car on the Wailuku-Lahaina public highway on the Island of Maui and was traveling in the direction of Lahaina. On the same day the defendant's car (a Hupmobile) was being driven by one A. K. Leong over the same road and was traveling in the direction of Wailuku. About six o'clock in the evening the two cars met at a bridge that was a part of the highway and the collision complained of occurred and the car that was being driven by the plaintiff was damaged. The trial resulted in a verdict for the plaintiff in the sum of $180. At the conclusion of the evidence the defendant moved for a nonsuit and then for a verdict *non obstante veredicto* and later for a new trial. All of these motions were overruled and exceptions taken.

The main questions presented by the exceptions are (1) whether the plaintiff had such an interest in the car he was driving as to entitle him to maintain the present action; (2) whether the person operating the defendant's car was the agent of the defendant and, if so, whether he was acting within the scope of his authority; (3) whether, if it should be held that he was such agent, he was in the exercise of a governmental or administrative duty, and (4) whether there was substantial evidence, amounting to more than a scintilla, that the driver of the defendant's car was guilty

of negligence and whether the undisputed evidence showed as a matter of law that the plaintiff was guilty of contributory negligence.

It is conceded that the plaintiff was not the absolute owner of the Star car but had purchased it under a conditional sale, that is, he had purchased it from the Maui Dry Goods Company and had paid a part of the purchase price and had given his notes for the balance. The Maui Dry Goods Company retained title in the car until the entire purchase price was paid and delivered the possession to the plaintiff, who had such possession at the time of the collision. At that time plaintiff also owed a balance on the purchase price.

The right of a conditional vendee of personal property to maintain an action for injury to the property is discussed and decided in the affirmative in *Stotts* v. *Puget Sound Traction, Light & Power Co.*, 94 Wash. 339, 162 Pac. 519. The court likens the right of such a vendee to that of a bailee and quotes 3 R. C. L. p. 127, §49, which is as follows: "The law seems to be well settled that the bailee of personal property may recover compensation for any conversion of or any injury to the article bailed while in his possession. * * * Where a suit is brought by a bailee against a third person for loss or injury to the subject of the bailment, the former's right to damages is not limited to his special interest in the property, but the general current of authority appears to hold that the bailee is entitled to damages commensurate with the full value of the property taken or the degree of injury sustained." This case is cited with approval in *Carter* v. *Black & White Cab Co.*, 169 N. Y. S. 441. The same principle is announced in *Carolina, C. & O. Ry. Co.* v. *Unaka Springs Lumber Co.*, 130 Tenn. 354, 170 S. W. 591.

The defendant's next contention is that there was

no evidence that A. K. Leong, who was operating the defendant's car, was the agent or employee of the defendant. This contention is based on the assumption that before Leong could become an employee of the county it was necessary under section 1591, R. L. 1925, for him to have been appointed by the chairman and executive officer and the board of supervisors. This section undoubtedly confers upon these officers the power to appoint a certain class of employees, to which class Leong belonged. The testimony of A. P. Low, however, a witness for the plaintiff was to the effect that he was on and prior to the date of the collision the county engineer for the County of Maui; that on the date of the collision A. K. Leong was an employee in the engineering department and that his duty, among others, was to drive the defendant's automobile that was used by said department; and that he (Leong) was paid by the defendant for his services. A. K. Leong also testified that he was employed and paid by the County of Maui and that he had been so employed since 1918. This testimony, uncontradicted as it was and unobjected to by the defendant, is sufficient to make a *prima facie* showing that Leong's employment was in accordance with the provisions of the statute. If the defendant wished to rebut this *prima facie* showing it might have done so by offering evidence that Leong was not employed by the officers designated by the statute but was a mere volunteer. This the defendant did not do and we cannot say that the jury was not justified in concluding, from the testimony before it, that Leong was a duly appointed agent and employee of the defendant.

Low also testified that on the day of the collision he sent Leong to Lahaina for the purpose of bringing back to Wailuku one Kanahele, who was returning from the Island of Molokai and who was in the employ of

the county as a surveyor. It was while Leong was returning from Lahaina to Wailuku with Kanahele that the collision occurred. The witness further testified that under his instructions Leong and Kanahele were, after the latter was "picked up" at Lahaina, to go to Honokawai school to take some measurements for an addition to the building and that they did in fact go to the school at Honokawai for that purpose. This evidence tends to show that Leong was acting within the scope of his duties as the defendant's employee in driving the latter's car. He was not engaged in doing something for his own personal benefit but for the benefit of the defendant. See *Ellis* v. *Mutual Telephone Co.,* 29 Haw. 604.

The defendant's contention that Leong in operating its car was in the performance of a governmental function is likewise without merit. Acting under the instructions of his superior he was merely transporting a fellow employee from one locality to another. He was not engaged in the performance of any duty recognized by the law as governmental in its nature.

The defendant also contends that there was no substantial evidence, amounting to more than a scintilla, tending to show that Leong was guilty of negligence. It also contends that the undisputed evidence shows as a matter of law that the plaintiff was guilty of contributory negligence. We will discuss these two contentions together.

As we have already observed, the collision occurred at a bridge on the Wailuku-Lahaina highway. This bridge was thirty-three feet, six inches long and fourteen feet, six inches wide. According to the plaintiff's testimony both headlights on his car were burning and one headlight on the defendant's car was burning; that as he was approaching the bridge, going in the direction of Lahaina and when he was about two hundred feet

from it, he for the first time saw the defendant's car approaching from the direction of Lahaina; that he was on the right or mauka side of the road and was going at a speed of twenty-five or thirty miles an hour, which speed he maintained up to the time he reached the bridge; that when he was on the bridge he slowed down and turned to the right; that when he first saw the defendant's car it was about three or four hundred feet beyond the Lahaina end of the bridge and that the road at that point was curved; that when he reached the bridge defendant's car was about twenty-five feet beyond the Lahaina end of the bridge; that at that time he was on the right side of the bridge and about one foot from the right wall of the bridge; that ordinarily the bridge is not wide enough for two cars to pass; that when he realized that a collision would occur he was about ten feet from the defendant's car and could do nothing to prevent the collision; that after the collision his car went about twenty feet in the direction of Lahaina and overturned and the defendant's car went about twice the length of the bridge in the direction of Wailuku and stopped against a tree. A. K. Leong, driver of the defendant's car, testified that he thought the bridge was not wide enough for two cars to pass each other.

It is not within our province to weigh this testimony nor to say whether the witnesses who gave it told the truth. That was solely a function of the jury. All we can say is that if the jury did believe it it presents a situation from which reasonable minds might infer that Leong, the operator of the defendant's car, was guilty of negligence and the plaintiff was free from contributory negligence. For instance, the jury might very well have believed from the evidence that when the plaintiff drove on the bridge he was sufficiently far away on the Lahaina side to give him

time to either slacken the speed of the car he was operating or, if necessary, to bring it to a stop until the plaintiff had reached a position of safety and that if Leong failed to do either of these things he was guilty of negligence which proximately caused the collision. The jury might also very well have believed from the evidence that when the plaintiff got on the bridge he, checked the speed of his car and steered it as far to the right as the wall of the bridge permitted and that he did all under the circumstances that a reasonable driver could have done to protect himself and was therefore not guilty of contributory negligence. There was certainly substantial evidence, amounting to more than a scintilla, to support all of these conclusions.

It is also contended by the defendant that the circuit judge erred in instructing the jury that the burden of proof was on the defendant to show that the plaintiff was guilty of contributory negligence. *Borowsky* v. *Honolulu Rapid Transit Co.*, 29 Haw. 188, decides this question adversely to the defendant's contention.

Finally it is contended by the defendant that the court erred in permitting the plaintiff to testify to a statement made by A. K. Leong shortly following the collision. The testimony is as follows: "Q. Then who was the first to say anything about this accident? A. A. K. Leong. Q. And what did he say? A. He says 'This is all right—we fix him up.' " The testimony of the plaintiff shows that this statement was made at the place, where the accident occurred and shortly thereafter and while all of the parties concerned were present. We think the statement was a part of the *res gestae* and was therefore admissible. In *Nawelo* v. *von Hamm-Young Co.*, 21 Haw. 644, a statement made by the chauffeur, shortly after the accident which caused the injury, was held to have been properly

admitted in evidence as a part of the *res gestae*. Speaking on the subject the court said at page 647: "In the case at bar we think the statement was part of the *res gestae* and properly admitted as such. It was made at the spot where the accident occurred immediately after it had happened and in the presence of the injured party. A declaration to be part of the *res gestae* need not be strictly contemporaneous with the transaction or event to which it relates; it is enough that it was a spontaneous utterance engendered by the excitement of the main event made immediately after and under the influence of the occurrence and so connected with it as to characterize or explain it."

The exceptions are overruled.

*A. E. Jenkins* for plaintiff.

*E. R. Bevins,* County Attorney of Maui, and *Wendell F. Crockett,* Deputy County Attorney of Maui, for defendant.