SOUTHWESTERN GREYHOUND LINES,
Inc., Plaintiff in Error,

v.

Myrtle SMITH, Defendant in Error.

No. 36057.

Supreme Court of Oklahoma.

Sept. 21, 1954.

Rehearing Denied Nov. 23, 1954.

Application for Leave to File Second Peti-
tion for Rehearing Denied Dec. 14, 1954.

158

D. S. MacDonald, Jr., Durant, for plaintiff in error.

Paul and McPheron, Durant, for defendant in error.

CORN, Justice.

Plaintiff, accompanied by her small daughter, boarded defendant's bus in Atoka, as a paying passenger bound for Durant, Oklahoma. Upon taking a seat on the right hand side she was injured as the result of sitting upon an ordinary sewing needle which punctured her right buttock and broke, leaving a part of the needle embedded in her hip. She testified she suffered a "rigor" and a chill and thus was unable to speak until the bus was approximately two miles out of town, when she went to the front of the bus and informed the driver what had occurred. He immediately stopped the bus and went back to examine the seat which she had occupied, and in pressing down on the seat cushion the remaining portion of the needle came through the upholstery. Being unable to secure a doctor the bus returned to Atoka where plaintiff was furnished medical attention, and advised by the attending doctor he had removed the needle. Continuing pain and discomfort resulted in plaintiff seeking further treatment, and it was revealed by X-ray examination that the needle point still remained in her hip.

Plaintiff's petition sought to recover damages for pain and suffering, together with necessary medical expenditures, based upon the following claim of negligence.

"(3) That said defendant, through its agents, servants and employees, knew that said needle was in the seat provided for passengers to ride, or by the exercise of reasonable care and caution, should have known that said needle and said dangerous instrument was in said seat and it was the duty of the said defendant to use the utmost care in transporting the said plaintiff, by reason of said ticket, from Atoka to Durant and return, and said defendant was careless and negligent in that said needle was left on said seat in such manner and in such a way so that when this plaintiff sat down on said seat which was provided for passengers, that said needle penetrated her buttocks and hip causing her great and excruciating pain and suffering.

"(4) That the negligence of the said defendant, its agents, servants and employees was the proximate cause of the injury and damage to this plaintiff."

The issues were formed by defendant's general denial and special allegation that any injury to plaintiff resulted from unavoidable casualty and misfortune, without negligence on the part of defendant. Plaintiff's reply denied generally all issues raised by the answer.

Plaintiff's evidence, insofar as necessary to consider same herein, is outlined above. Defendant's evidence reflected substantially the same matters concerning her injury. The remainder of defendant's evidence was directed toward showing that this bus had been fully and carefully inspected before leaving Dallas, Texas, the preceding day. The seat in which plaintiff was injured had been occupied by a woman passenger on the trip to Atoka. Upon arrival there defendant's driver cleaned the bus and then locked it during the overnight stop; the following morning he re-inspected the vehicle before taking on passengers for the trip. The evidence was uncontradicted that the precautions taken by the regular inspections were more strict than demanded by customs and usage of the industry.

In submitting the case to the jury, the trial court gave the following instructions which was excepted to by defendant.

"You are instructed that a carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose and must exercise to that end a reasonable degree of skill.

"A carrier of persons for reward is bound to provide vehicles safe and fit for the purpose to which they are put, and is not excused for default in this respect by any degree of care."

The jury returned a verdict in plaintiff's favor ($1,225) upon which the judgment appealed from was rendered.

Plaintiff's argument in behalf of the correctness of this judgment may be summarized in the following manner: Our statutes define the duties and degree of care required of carriers of persons for hire. See 13 O.S. 1951, §§ 32, 33–35–42. Section 33 provides:

"A carrier of persons for reward is bound to provide vehicles safe and fit for the purposes to which they are put, and is not excused for default in this respect by any degree of care."

■ Under the statutes, particularly the quoted section, defendant owed the duty to furnish plaintiff a safe and suitable seat. Hence plaintiff urges that whether defendant's driver used the required degree of care when inspecting the bus prior to the time plaintiff boarded same, whether the degree of care required under the above statute was rendered, and whether defendant complied with the inspection standards recognized by the industry, all were questions of fact for the jury to determine. Since negligence may be established by circumstantial evidence, and where the evidence is such that different conclusions may be drawn therefrom, the question as to the existence of negligence and the proximate cause of plaintiff's injury were to be determined by the jury; and, having decided these questions in plaintiff's favor, their judgment should be sustained on appeal.

Although an unusual fact situation is presented, this appeal is not unduly involved. However, proper disposition of the case involves serious consideration of certain principles of law of such import as to require attention beyond mere examination of the trial record to ascertain whether there was evidence to support the verdict of the jury. The question of the sufficiency of the evidence to establish negligence was raised both by defendant's demurrer to plaintiff's evidence and motion for directed verdict at the close of all the evidence.

The defendant urges four propositions as grounds for reversal of this judgment, one of which is based upon the trial court's giving of instruction No. 7, quoted above. It is apparent the trial court based such instruction upon the presumed applicability of the statute quoted above. If such statute is given the interpretation placed thereon by the trial court, then, by its terms, a carrier of passengers for hire is made an insurer of the safety of all passengers without regard to the degree of care which might be displayed in the discharge of its functions.

Our prior decisions involving application of this statute involve instances where the negligence charged was found in failure of some portion of the carrier's physical equipment. See Chicago, R. I. & G. Ry. Co. v. Jones, 77 Okl. 140, 187 P. 233, where the train seat was worn and defective; Sand Springs Ry. Co. v. Westhafer, 92 Okl. 89, 218 P. 525, alleged maintenance of defective headlight upon the train. Tulsa Yellow Cab, Taxi & Baggage Co. v. Salomon, 181 Okl. 519, 75 P.2d 197, failure to equip taxicab with arm guard for safety of passengers leaving the cab, and in permitting running boards to be worn and slick. In no case heretofore has it been contended this statute encompasses not only defects in the physical equipment itself, but also was intended to cover conditions brought about by foreign objects which are no part of the equipment furnished for transportation of passengers for hire.

■ The language of the statute, supra, charged defendant to provide a vehicle safe for the purpose to which it was put. The use to which the vehicle was put cannot be said to be other than the carrying of passengers in a safe manner, without danger of injury from the faulty condition of the equipment. Certainly no part of the "use" could be said to be the carrying of foreign objects which might be the producing cause of injury to some passenger. We are of the opinion the plain intention of this statute simply was to fix the extent of the carrier's duty in relation to the equipment and appliances used in the transportation of persons for hire.

■ Next to be considered is whether there was evidence to establish primary negligence upon defendant's part. The recognized and generally accepted rule is that a

carrier of persons for hire owes the passengers the highest degree of care, but is not an insurer of their safety, and any liability for injury to a passenger must be predicated solely upon negligence. 10 Am.Jur., Carriers, Sec. 1236 and cases cited in the footnotes; Southwestern Motor Carriers, Inc. v. Nash, 195 Okl. 604, 159 P.2d 745, and authorities therein cited.

It is elementary that the mere fact an injury occurs creates no presumption of negligence, but this is an affirmative fact to be established by a preponderance of the evidence which must reveal some primary negligence or breach of duty upon the defendant's part. The only direct evidence in this case was that plaintiff sat down upon a seat in defendant's bus and was injured by the penetration of an ordinary needle into her buttock. There was neither evidence to explain the reason for the presence of the needle in the seat, nor to connect its presence with any act of the defendant. All the evidence revealed was that plaintiff received an injury from an instrumentality which constituted a hidden defect or danger.

Under such a state of facts innumerable possibilites suggest themselves. The needle could have been lost in the seat, could have fallen from the clothing or effects of the passenger who occupied the seat the previous day, could have been enmeshed in the clothing of plaintiff or her small daughter, or placed there by some prankster. Considering these circumstances it becomes plain that, in order for the jury to find the defendant guilty of primary negligence, it was necessary for the jury to speculate as to the reason for the presence of the needle, and the time and manner in which placed in the seat, or that defendant's inspections of its equipment, which was shown by the evidence to display a high degree of care, had failed to disclose such a condition of which it had no knowledge.

In Lawson v. Anderson & Kerr Drilling Co., 184 Okl. 107, 84 P.2d 1104, 1105, we quoted and applied the rule in Chicago, R. I. & P. Ry. Co. v. Smith, Adm'x, 160 Okl. 287, 16 P.2d 226, as follows:

" 'An inference of negligence must be based upon something other than mere conjecture or speculation, and it is not sufficient to introduce evidence of a state of facts simply consistent with or indicating a mere possibility, or which suggests with equal force and leaves fully as reasonable an inference of the nonexistence of negligence. The inference of negligence must be the more probable and more reasonable inference to be drawn from the evidence.' "

The following statement from Lawson v. Anderson & Kerr Drilling Co., supra, is quite apropos in this situation:

"It was not necessary the plaintiff's evidence exclude every other conclusion, but it was necessary it be of sufficient force to make it more probable there was negligence on the part of the defendant, which resulted in this unfortunate occurrence; in other words, to make it appear more probable this accident came more from the defendant's negligence than from any other cause. The evidence, however, was not sufficient to do this. * * *"

That this unfortunate occurrence resulted in injury to plaintiff is unquestioned. However, there is a complete lack of evidence of primary negligence on the part of defendant. Only by conjecture and speculation could the jury have found any connection between the injury and any act or omission upon the part of defendant. In such cases the rule to be applied is that in syllabus 2 of the Lawson case, supra:

"Evidence which makes it necessary to speculate as to what caused an accident is not sufficient to withstand a demurrer and take the issue of negligence to the jury for determination."

Judgment reversed and the case remanded with directions to sustain defendant's demurrer to plaintiff's evidence and enter judgment dismissing the action.

HALLEY, C. J., JOHNSON, V. C. J., and O'NEAL and WILLIAMS, JJ., concur.

WELCH and BLACKBIRD, JJ., dissent.