**SOMERSET, Plaintiff-Appellant, v. STINSON, d. b. a. ARLINGTON-TRI-VILLAGE CABS CO. et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 5316. Decided October 5, 1955

Smith, Clark & Holzapfel, John E. Holzapfel, of Counsel, Columbus, for plaintiff-appellant.

Clifford L. Rose, Columbus, for defendants-appellees.

## OPINION

By THE COURT.

This is a law appeal from a judgment of the Common Pleas Court rendered upon the verdict of a jury in favor of the defendant at the close of the plaintiff's case, the same having been in accordance with instructions from the court. The action was one for damages for injuries incurred by the plaintiff while alighting from a taxicab in which she was a paying passenger. The taxicab was being operated by the defendant-appellee.

The petition alleges that the plaintiff entered the taxicab and was aided and assisted in entering the same; that she directed the defendant to transport her to her residence; that she directed the defendant to stop the taxicab beneath the street light in front of her home in order to permit her to alight from the taxicab; that contrary to said instructions defendant carelessly and negligently carried her beyond said street into a driveway at her home where she was discharged in darkness.

The plaintiff charged the defendant with the following acts of negligence, to wit:

"Defendant failed to discharge said passenger in a safe place and that the ground was sloping, uneven and unlighted; that as a direct and proximate result of the same she was injured in certain particulars."

All of the errors assigned relate to the sufficiency of the evidence to support the verdict. In other words, was the evidence when viewed in its most favorable light toward the plaintiff such that reasonable minds could arrive at only one conclusion, to wit, that there was no negligence on the part of the defendant which was a proximate cause of the plaintiff's injuries?

An examination of the record reveals that the negligence complained of consisted of the driver's failure to comply with the plaintiff's instructions to let her out of the cab under the street light in front of her home, but instead he drove into the driveway of her home and stopped at a place which was unsafe for discharging a passenger It is also urged that she was in such poor physical condition as to require assistance from the driver of the cab, which he failed to afford to her.

We have carefully examined the entire record and find no evidence which tends to prove that the plaintiff's physical condition was such as to require assistance in alighting from the cab. It shows that she had walked unassisted for some six or seven squares to the place where she had been employed as a baby sitter and from which she entered the cab at approximately 1:00 o'clock A M.; that prior to the accident she had always helped with the housework in the home with the exception of the cleaning, and that her condition was normally that of a person of her age, to wit, 78 years. We think it is clear that under these circumstances and also the additional fact that no request was made for assistance, that the defendant owed no duty to her in this respect. We find no objection to the law cited by counsel for the appellant but it just does not fit the facts in this case.

We further find that there is no evidence to support the conclusion that the driver violated the plaintiff's instruction as to the place where she desired to be discharged. The substance of her conversation with

the driver was to the effect that he need not enter the driveway but might discharge her under the street light in front of her home. It also appears that the plaintiff practically always alighted from automobiles in this driveway instead of the street and she was thoroughly familiar with its condition. Any risk that might have been involved was therefore assumed by her. She also testified in response to a question, "Certainly, if I had looked, I would have seen that the ground was not real even." This constituted an admission of negligence on her part which alone is sufficient to support the verdict. In **Winkler v. City of Columbus**, 149 Oh St 39, the court said in the syllabus:

"Where, in an action for personal injury, plaintiff's testimony amounts to an admission that she was guilty of negligence at the time and place, which contributed directly to her injury, it is the duty of the trial court to sustain a motion for a directed verdict in favor of defendant. (Paragraph fourth of the syllabus of **New York Central Rd. Co. v. Stevens, Admr.**, 126 Oh St 395, approved and followed.)"

We, therefore, find no error in the record and the judgment will be affirmed.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.

No. 5316.   Decided November 21, 1955.

### OPINION

By THE COURT.

This is a motion to dismiss the notice of appeal from a judgment of this Court for the reason that it was not filed within 20 days of the date of the judgment entry as required by §2505.07 **R. C.** Since the appeal is now pending in the Supreme Court, this Court has no jurisdiction to entertain such a motion. It will, therefore, be overruled.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.